IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PHYLLIS INDA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-24-00525-JD |
| ) | |
| STATE FARM FIRE & CASUALTY ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court are Defendant's Motion for Leave to File Its Final Witness and Exhibit Lists and Objections to Plaintiff's Exhibits Out of Time [Doc. No. 30] and Defendant's Motion to Extend Deadlines [Doc. No. 31].

For the reasons stated in Defendant's motion and for good cause and excusable neglect shown under Federal Rule of Civil Procedure 6(b)(1)(B), the Court GRANTS Defendant's Motion for Leave to File Its Final Witness and Exhibit Lists and Objections to Plaintiff's Exhibits Out of Time [Doc. No. 30]. Defendant shall file its final witness and exhibit lists and its objections to Plaintiff's exhibits by **March 28, 2025**. Plaintiff is to file any objections to Defendant's final exhibit list by **April 11, 2025**.

As for the Motion to Extend Deadlines, Defendant styled the motion as a "Joint Motion to Extend Deadlines," despite the fact that only Defendant's counsel signed the motion and the motion indicates that Defendant and Plaintiff disagree as to the appropriate length of an extension. [Doc. No. 31 at 3–4]. Defendant requests to extend all unexpired deadlines set in the Court's Scheduling Order [Doc. No. 15] by 90 days, while

noting that "Plaintiff advised an extension of thirty days would be unopposed." [Doc. No. 31 at 3]. The motion also indicates that "[t]he parties request to be placed on a subsequent trial docket." *Id.* Plaintiff responded in opposition to the purported joint motion, asking the Court to deny Defendant's motion "with the exception of a thirty (30) day revision of the current discovery deadline" because "there is no justification or good cause" for any extension beyond the requested thirty days. [Doc. No. 34 at 5]. Plaintiff also states that "[t]here is [no] valid basis" to delay the trial date and "Plaintiff never agreed to a modification of the current trial docket" as alleged in Defendant's motion. *Id.* at 4.

After the parties conferred as required by the Court's order [Doc. No. 35], Defendant filed a reply explaining that the parties "have agreed to extend the Discovery deadline of April 9, 2025, by forty-five (45) days, until May 24, 2025." [Doc. No. 38 at 1]. "However, no other agreement could be reached." *Id.* at 2. Defendant seeks to extend the deadline to file dispositive and *Daubert* motions by 45 days as well, but Plaintiff objects. *Id.* at 1–2. "Accordingly, State Farm is revising its initial request for a ninety (90) day extension of all dates, including being placed on a subsequent trial docket, and is now seeking" a 45-day extension of the discovery deadline, as well as an extension of the deadline to file dispositive and *Daubert* motions by 45 days. *Id.* at 2–3.

Federal Rule of Civil Procedure 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the judge's consent." "In practice, this standard requires the movant to show the 'scheduling deadlines cannot be met despite [the movant's] diligent efforts.'" *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014) (alteration in original) (citation omitted). Moreover, the

2

Court and the parties must construe, administer, and employ the Federal Rules of Civil Procedure "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

"'[G]ood cause' is likely to be found when the moving party has been generally diligent, the need for more time was neither foreseeable nor its fault, and refusing to grant the continuance would create a substantial risk of unfairness to that party." *Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 988 (10th Cir. 2019) (quoting 3 James Wm. Moore, Moore's Federal Practice - Civil § 16.14[1][b] (3d ed. 2019)). The movant must have an "adequate explanation" for the inability to meet the deadline, *id.*, and the Court expects parties to identify their diligent actions in specific, not general, terms, *cf. id.* "'Mere failure on the part of counsel to proceed promptly with the normal processes of discovery and trial preparation' also 'should not be considered good cause.'" *Id.* at 989 (quoting *Dag Enters., Inc. v. Exxon Mobil Corp.*, 226 F.R.D. 95, 105 (D.D.C. 2005)).

Defendant's motion shows good cause to extend the discovery deadline and the deadline to file dispositive and *Daubert* motions by 45 days. The motion indicates that the parties have been generally diligent in advancing this action and conducting discovery. Despite this general diligence, Defendant's motion shows that, for reasons outside Defendant's control, more time is needed to conduct discovery in this case, and it would create a substantial risk of unfairness to Defendant to refuse to grant this extension.

However, at this time, the motion supports only the extension of these two deadlines. The parties have over three months to file trial submissions, and extending the

3

deadline for discovery and the deadline to file dispositive and *Daubert* motions should not interfere with these deadlines or require a later trial date. The motion does not show good cause to extend deadlines not related to discovery, and denying this request does not create a substantial risk of unfairness to Defendant. Accordingly, the Court finds the request for an overall extension of the deadlines to be premature.

Therefore, the Court GRANTS Defendant's Motion to Extend Deadlines [Doc. No. 31] to the extent it seeks to extend the discovery deadline and the deadline to file dispositive and *Daubert* motions. Both deadlines are extended until **Tuesday, May 27, 2025**.[1] The remainder of the motion is DENIED without prejudice to resubmission or as the Court may later order as necessary to manage its docket. All other deadlines in the scheduling order [Doc. No. 15] remain in place.

IT IS SO ORDERED this 26th day of March 2025.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE

---

[1] This deadline accounts for the 45-day extension falling on a weekend and for the federal holiday. *See* Fed. R. Civ. P. 6(a)(1)(C).